UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ESTHER DAUDIER,

                              Plaintiff,

         -v-

E&S MEDICAL STAFFING, INC. and FERNCLIFF
NURSING HOME COMPANY, INC.,

                              Defendants.

------------------------------------------------------------------X

12 Civ. 206 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/23/2012

PAUL A. ENGELMAYER, District Judge:

      Before the Court is defendant E&S Medical Staffing, Inc.'s ("E&S") motion to disqualify Andre Ramon Soleil, counsel for plaintiff Esther Daudier (Dkt. 19).[1] For the reasons discussed below, E&S's motion is granted. Mr. Soleil is disqualified from serving as counsel in this matter, and Daudier has 30 days from the date of this Opinion to secure new counsel.

I. **Relevant Factual Background**

      The undisputed facts are as follows: In March 2010, Mr. Soleil met with Eric Giaquinto, E&S's president, and Daudier to discuss E&S's potential retention of Mr. Soleil to bring a breach of contract action against Ferncliff Nursing Home Company, Inc. ("Ferncliff"), presently E&S's co-defendant in the instant action. Daudier, then a nurse employed by E&S, had been assigned to work at Ferncliff, but was, allegedly, asked by Ferncliff not to return because the patients there did not want to receive healthcare from a black woman. At the meeting, Giaquinto, Soleil, and Daudier discussed what Daudier had been told by Ferncliff regarding

---

[1] Daudier had previously filed a cross-motion to disqualify Dupee & Monroe, P.C. from representing E&S in this matter (Dkt. 28). She withdrew this cross-motion on August 22, 2012, explaining it had been premised on a mistaken recollection (Dkts. 31-32).

1

patients' objections to being treated by her, because of her race. After the meeting, Giaquinto signed a retainer agreement with Soleil and paid a retainer fee. Later, the attorney-client relationship between E&S and Soleil broke down, and Soleil informed E&S that he would no longer be representing it, and returned the retainer fee.

On January 11, 2012, Daudier filed, through her counsel, Mr. Soleil, the instant action against E&S and Ferncliff. The factual basis for the Complaint is the allegation that Daudier was asked not to return to Ferncliff because of patients' objections to her race, and E&S's subsequent alleged termination of Daudier. On August 7, 2012, E&S filed its motion to disqualify Mr. Soleil as counsel for Daudier in this action; Daudier opposed the motion on August 22, 2012.

## II.  Standard on a Motion for Disqualification

Disqualification is viewed "with disfavor in this Circuit," *Bennett Silvershein Assocs. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y. 1991), because it "impinges on parties' rights to employ the counsel of their choice." *Stratavest Ltd. v. Rogers*, 903 F. Supp. 663, 666 (S.D.N.Y. 1995). The Second Circuit has noted the "high standard of proof" required for disqualification motions because they are "often interposed for tactical reasons, and that even when made in the best faith, such motions inevitably cause delay." *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983) (internal quotation marks omitted); *see also Gov't India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978).

The disqualification of counsel is, however, "a matter committed to the sound discretion of the district court." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). A federal court's power to disqualify an attorney derives from its "inherent power to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir.

1979)). Disqualification "is only appropriate where allowing the representation to continue would pose 'a significant risk of trial taint.'" *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, No. 01-cv-1574, 2006 WL 2013471, at *3 (E.D.N.Y. July 18, 2006) (citing *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981)). "'[A]ny doubt is to be resolved in favor of disqualification.'" *Gurney's Inn Resort & Spa Ltd v. Benjamin*, No. 10-cv-3993, 2012 WL 2951373, at *5 (E.D.N.Y. July 20, 2012) (quoting *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975)).

"One recognized form of taint arises when an attorney places himself in a position where he could use a client's privileged information against that client." *Hempstead Video*, 409 F.3d at 133. If an attorney successively represents a client and another party with interests directly adverse to that client, the attorney may be disqualified if:

> (1) the moving party is a former client of the adverse party's counsel;
>
> (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
>
> (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Id.*

### III. Application

In opposition to E&S's motion to disqualify Mr. Soleil, Daudier does not dispute E&S's recitation of the facts giving rise to this dispute. *See* Affirmation of Andre Ramon Soleil in Opposition to E&S's Motion to Disqualify (Dkt. 31); Affirmation of Esther Daudier in Opposition to E&S's Motion to Disqualify (Dkt. 32). Rather, Daudier argues that E&S is estopped from arguing that Mr. Soleil should be disqualified, because E&S's Chief Operating

Officer, Debra Polero, purportedly told Daudier that E&S would not object to Mr. Soleil's representation of her if she promised not to seek monetary damages against E&S.[2]

On the unrebutted facts as presented in E&S's motion papers, the three prongs of the test set out by the Second Circuit in *Hempstead Video* are easily met: E&S is a former client of Mr. Soleil's, and Mr. Soleil currently represents Daudier, who is suing E&S. Furthermore, Mr. Soleil was retained by E&S with regard to the exact same controversy with respect to which he now sues E&S: the allegation that Ferncliff asked that Daudier not return, due to patients' objections to her race. It is, finally, undisputed that, at the meeting amongst Giaquinto, Soleil, and Daudier, privileged information, as to which E&S was the privilege-holder, was shared with Mr. Soleil, including E&S's views about, and strategy with regard to, Daudier's claims that she was discriminated against by Ferncliff on the basis of race. On these facts, there is, to say the least, a significant risk that E&S's confidential information could be used against it at trial, were Mr. Soleil to continue to represent Daudier. *See Hempstead Video*, 409 F.3d at 133; *Team Obsolete Ltd.*, 2006 WL 2013471, at *3. Whatever representations E&S may have made to Daudier in the past regarding Mr. Soleil's representation of her in this lawsuit, the standard for disqualification is clearly met. Accordingly, Mr. Soleil must be, and is, disqualified.

## CONCLUSION

E&S's motion to disqualify Mr. Soleil as counsel for Daudier is GRANTED. The Clerk of Court is instructed to terminate the motion pending at docket entry number 19.

The Court is sympathetic to Daudier's need to find a new attorney to represent her in this matter. Accordingly, the Court grants Daudier 30 days from the date of this Opinion to secure

---

[2] Such damages are, however, explicitly sought here. *See* Complaint ¶ 25. In any event, for the reasons stated in this Opinion, E&S's ability to be fairly represented at trial is indelibly tainted by Mr. Soleil's access to its confidential information.

4

new counsel. Daudier's new counsel is directed to promptly file an electronic notice of appearance on the docket in this matter. A status conference, at which both Daudier and her new counsel, as well as counsel for defendants, should be in attendance, will be held on October 12, 2012, at 9:30 a.m. at the U.S. Courthouse, 500 Pearl Street, New York, New York 10007.

Mr. Soleil is directed to notify Daudier of his disqualification, and to serve a copy of this Opinion on her, forthwith. Promptly thereafter, Mr. Soleil shall file an affirmation of service on ECF reflecting such service.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 23, 2012
       New York, New York

5